279 A.2d 412.

STATE *vs.* ROSEMARY KAUFMAN.

JULY 19, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an indictment charging the defendant with a violation of G. L. 1956, §11-19-18, on December 13, 1966. After a trial in the Superior Court, the defendant was found guilty on September 27, 1968, and thereupon prosecuted a bill of exceptions to this court.

This court recently held in *State* v. *Hindle,* 108 R. I. 389, 275 A.2d 915, that proof of the recording and registering of bets and wagers is in violation of §11-19-14 and that such conduct, standing alone, would not constitute a violation of §11-19-18. The thrust of *Hindle* was that the Legislature intended in enacting §11-19-18 to make criminal the maintaining of a building or place designed to be used by persons assembled therein for the purpose of gambling. The state concedes in the instant case that there is nothing in the record to establish that the conduct of the instant defendant was a violation of §11-19-18.

We find no merit in the state's contention concerning a retrospective application of our decision in *Hindle.* The record clearly discloses that in the instant case the conviction of the defendant had not become final on April 9, 1971, the date of our decision in *Hindle.* Therefore, in our opinion, an application of that rule to the instant case cannot be construed as applying the *Hindle* decision retrospectively.

The defendant's exception to the denial of her motion for

direction of a verdict of not guilty is sustained, all of the defendant's other exceptions briefed and argued are overruled pro forma, and the cause is remanded to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Henry Gemma, Jr.,* Special Asst.

Attorney General, for plaintiff.

*David F. Sweeney,* for defendant.