602 P.2d 616

STATE of New Mexico,
Plaintiff-Appellee,

v.

Jerry Don ROGERS,
Defendant-Appellant.

No. 12404.

Supreme Court of New Mexico.

Nov. 13, 1979.

Martha A. Daly, Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FELTER, Justice.

Defendant-Appellant, Rogers, was convicted and sentenced to life as a four-time felony offender under the Habitual Offender Statute, § 31–18–5, N.M.S.A.1978 (current version at § 31–18–17, N.M.S.A.1978 (Cum.Supp.1979)). From this conviction, Rogers raises two issues on appeal: (1) whether the evidence supports an enhanced sentence as a four-time felony offender; and (2) whether, in the context of this case, a life sentence is cruel and unusual punishment and therefore unconstitutional.

We hold that the evidence and findings in this case could sustain Rogers' sentence only as a three-time felony offender, but not as a four-time felony offender. This

holding renders moot Rogers' claim that a life sentence is cruel and unusual punishment.

The defendant was charged with felonies in four accusatory pleadings: Curry County Case Nos. 5781, 6016, 6569 and 8011. Specifically, the felonies underlying the habitual offender charge were: Unlawful Taking of a Vehicle; Commercial Burglary; Possession of a Stolen Motor Vehicle and Fraudulent Signing of a Credit Card Slip; and another charge of Commercial Burglary. The Information in Curry County Case No. 5781 which charged the defendant with Unlawful Taking of a Vehicle and the Amended Information in Curry County Case No. 6016 which charged the defendant with Commercial Burglary both failed to show the date on which the offenses were committed. The accusatory pleadings for the other two cases did show the dates on which the offenses charged therein were committed.

An Habitual Offender Criminal Information was filed in Curry County charging Rogers with being the same person convicted of felonies in all of the above Informations or Indictments. The habitual offender charge which resulted in Rogers' conviction as a four-time felony offender was tried on January 11, 1979, and a life sentence was imposed on him. An amended sentence to allow credit for "post-sentence confinement" was imposed on February 12, 1979.

■ Rogers contends that in order for him to be sentenced under the Habitual Offender Act, the date of commission of each enhancing crime must follow the date of a previous conviction. With that contention we agree.

In *State v. Linam*, 93 N.M. 307 at 309, 600 P.2d 253 at 255 (1979), *cert. denied*, — U.S. —, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979), decided by this Court on January 11, 1979 (the same date that Rogers was tried as an habitual offender), we stated:

It is a question of first impression in this Court whether, in a proceeding to enhance sentence for a third or fourth felony, *each* felony must have been committed after conviction for the preceding felony.

\* \* \* \* \* \*

\* \* \* We hold it is inherent in the habitual criminal act that, after punishment is imposed for the commission of a crime, the increased penalty is held *in terrorem* over the criminal for the purpose of effecting his reformation and preventing further and subsequent offenses by him. Thus the use of the words "upon conviction of such second felony" or "third felony" as used in the statute must be held to mean felonies committed subsequent to the dates of the convictions relied on to effect an increase of the penalty.

The issue of whether *Linam* applies because of retroactivity is addressed later, and need not be discussed here.

In *Linam*, no direct proof concerning the dates on which any of the offenses involved in the habitual offender case were committed appeared of record, except for the last felony committed. Rather, the State relied upon an implication that each crime was committed after conviction for the preceding crime, except for the last felony committed, because the period between the dates of conviction were longer in each case than the sentence imposed.

Linam was charged with two counts of forgery committed on May 21, 1976. He was convicted of both counts on September 1, 1976. Nowhere in the habitual offender proceeding following Linam's conviction appeared any direct evidence of *any* dates of *commission* for any other felonies alleged. Sequential dates of conviction appeared as direct evidence in the habitual offender proceedings, but allowed for speculation as to sequential dates of commission.

In the case at bar, two of the accusatory pleadings upon which Rogers was convicted state explicitly the sequential dates of commission of felonies therein charged. Rogers' objections at trial to the relevancy of accusatory pleadings were without merit and properly were overruled by the trial court. The last felony, commercial burgla-

ry, was committed on July 1, 1978. The preceding crimes of possession of a stolen vehicle and fraudulent use of a credit card were committed on September 4, 1973. Previous to that, Rogers had been convicted of other felonies as charged in a Criminal Information which was filed on February 6, 1968, and as charged in an Amended Criminal Information was filed on December 2, 1970. Though the accusatory pleadings for the crimes charged therein did not state their dates of commission, it is obvious that the dates of commission had to precede the accusatory pleadings charging the offenses. The hiatus of sequential proof as to dates of commission of felonies here exists only as between Curry County Cases Nos. 5781 and 6016. Crimes are not charged anticipatorily before their actual commission, however, and the evidence is susceptible of no other conclusion than that offenses alleged in both of those cases were committed prior to September 4, 1973, the commission date for the crime, possession of a stolen vehicle and fraudulent use of a credit card, the offenses in Curry County Case No. 6569.

The sequential commission of felonies by the defendant on three dates is established by uncontroverted evidence as follows: (1) unlawful taking of a vehicle as charged in Curry County Case No. 5781, and commercial burglary as charged in Curry County No. 6016, both of which had to have been committed before *December 2, 1970*, the date of filing of the last of the two accusatory pleadings; and for which offenses the respective dates of conviction were March 30, 1968 and December 16, 1970; (2) possession of a stolen vehicle and fraudulent use of a credit card on September 4, 1973 as charged in Curry County Case No. 6569, and for which Rogers was convicted on December 3, 1973; and (3) commercial burglary on July 21, 1978 as charged in Curry County Case No. 8011 for which Rogers was convicted on January 9, 1979.

■ Because the evidence presented did not establish whether the first commercial burglary conviction on December 16, 1970 had been committed after the conviction of March 30, 1968 for unlawful taking of a vehicle, both convictions cannot be used for purposes of sentence enhancement. Rogers, therefore, should be considered a three-time felony offender for purposes of the Habitual Offender Act upon the evidence now before us.

■ The State contends that Rogers' position that *Linam* is controlling requires retroactive application of the rule in that case, inasmuch as the habitual offender case at bar was tried on January 11, 1979, the same day this Court's decision in *Linam* was filed. That argument overlooks the fact that in the case at bar the jury only made Findings of Fact on January 11, 1979, and sentence under the habitual offender's act was not imposed until after *Linam* was decided.

■ The jury's Findings of Fact support a sentence for a three-time felony offender under the law set out in *Linam*. Further, *Linam* may be made applicable to this case without applying its rule retrospectively. The question of whether or not a rule of law is to be applied retrospectively arises only for causes that have been finalized. Cases are finalized only when "there has been a judgment of conviction, sentence *and* exhaustion of rights of appeal." (emphasis added). *State ex rel. La Follette v. Raskin,* 30 Wis.2d 39, 48, 139 N.W.2d 667, 672 (1966). *See also United States v. Dachsteiner,* 518 F.2d 20 (9th Cir. 1975); *Huffman v. United States,* 163 U.S.App.D.C. 417, 502 F.2d 419 (D.C. Cir. 1974); *Pendergrast v. United States,* 135 U.S.App.D.C. 20, 416 F.2d 776 (D.C. Cir. 1969), *cert. denied,* 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969); *State v. Kaufman,* 108 R.I. 728, 279 A.2d 412 (1971); *Curry v. State,* 488 S.W.2d 100 (Tex.Crim.App.1974); *Allison v. State,* 62 Wis.2d 14, 214 N.W.2d 437 (1974); *La Claw v. State,* 41 Wis.2d 177, 163 N.W.2d 147 (1968).

■ An habitual proceeding involves only sentencing, not trial of an "offense", and therefore jeopardy does not attach. *See Linam, supra; Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); *Davis v. Bennett,* 400 F.2d 279 (8th Cir.

1968); and *Pearson v. State,* 521 S.W.2d 225 (Tenn.1975). No impediment exists if the State, at a new trial, can furnish proof of the sequential order of commission of the felonies, thus establishing that Rogers is a four-time felony offender under the criteria required by *Linam, supra.* On the other hand, if no new trial is had, the Findings of the jury would support a sentence against Rogers as a three-time felony offender.

We reverse and remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.