1996–NMSC–069

930 P.2d 144

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**William Laxton KIRBY, Defendant–Respondent.**

**No. 23712.**

Supreme Court of New Mexico.

Nov. 27, 1996.

**610**

Tom Udall, Attorney General, Joan M. Waters, Assistant Attorney General, Santa Fe, for Plaintiff–Petitioner.

T. Glenn Ellington, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, for Defendant–Respondent.

## OPINION

RANSOM, Justice.

■ 1. In *State v. Yarborough*, 122 N.M. 596, 930 P.2d 131 (1996), *affirming*, 120 N.M. 669, 905 P.2d 209 (Ct.App.1995), we today have affirmed that to convict of the fourth-degree felony of involuntary manslaughter in the commission of an unlawful act, that act must at least have been one of criminal negligence, not mere civil negligence or carelessness. Certiorari was taken in the instant case for possible consolidation with *Yarborough*. Here, William Laxton Kirby was convicted of involuntary manslaughter as the result of a death arising from a head-on collision. Kirby drove a semi-truck pulling a fifteen-foot wide mobile home on a nineteen-foot wide two-lane highway in rural New Mexico after dark in violation of New Mexico law. When the accident occurred, it was just after sunset. Evidence adduced at trial showed that, prior to the accident, another driver had to swerve off the road to avoid hitting Kirby's truck.

2. The jury was instructed that the State was required to prove that Kirby unlawfully drove a wide mobile home transport after sunset "such that an ordinary person would anticipate that death might occur under the circumstances." Consistent with its opinion in *Yarborough*, the Court of Appeals correctly held by an unpublished memorandum opinion in *Kirby* that "[t]he difference between 'reckless disregard' and 'would anticipate that death might occur' evinces a failure to instruct on criminal negligence."

3. Kirby was tried, convicted, and sentenced prior to the filing of the Court of Appeals' memorandum opinion in *Yarborough*. While, like the trial court in *Yarborough*, the trial court in *Kirby* failed to instruct the jury that criminal negligence was a necessary element of involuntary manslaughter, *Kirby* did not timely inform the trial court of a problem with the instruction on the essential elements of the crime before the charge was given to the jury. *Kirby* asserted on appeal, for the first time, that the jury instructions were insufficient and that *Yarborough* should be applied to his case.

■ 4. The State poses the issue as whether the holding in *Yarborough* should be applied retrospectively. We do not agree with this characterization. We agree with the statement in the Court of Appeals' memorandum opinion that while it is true "that *Yarborough* should be given only prospective effect, we disagree that its application to this case would be retrospective".[1] It is certainly true that this Court stated in *Santillanes v. State* that the new criminal negligence standard in the child-abuse statute "shall govern all cases which are now pending on direct review, provided the issue was raised and preserved below." 115 N.M. 215, 225, 849 P.2d 358, 368 (1993). As the Court of Appeals correctly noted, however, the retrospectivity of *Yarborough* is irrelevant if the trial court committed fundamental error in instructing the jury. In *Kirby*, the Court stated that:

> Since the doctrine of fundamental error affords Defendant the right of appeal, we hold that *Yarborough* may be made applicable to this case without applying its rule retrospectively. *See State v. Rodgers [Rogers ]*, 93 N.M. 519, 521, 602 P.2d 616, 618 (1979) (cases finalized only when there

---

1. Another issue in *Yarborough,* the exclusivity of the specific homicide by vehicle statute, NMSA 1978, § 66–8–101 (Repl.Pamp.1994), was not raised in *Kirby.*

has been a judgment of conviction, sentence, and exhaustion of rights of appeal). We concur in this disposition.

5. The application of a rule from a case is prospective "when a court's decision overturns prior case law or makes new law when law enforcement officers have relied on the prior state of the law." *Santillanes*, 115 N.M. at 223, 849 P.2d at 366. Neither of these exceptions applies to *Yarborough*. The rule of *Yarborough* was not new law, it was a statement of what the law had been at all times applicable to the instant case. *Yarborough*, 120 N.M. at 672–73, 905 P.2d at 212–13 (discussing almost sixty years of New Mexico precedent). The State had the burden of proving that Kirby should have known of the danger involved in his action and acted in reckless disregard of the safety of others. This burden was present irrespective of the *Yarborough* rule.

 6. Because the essential element of criminal negligence was not included in the instructions to the *Kirby* jury, there was fundamental error subject to review on direct appeal. In *State v. Osborne*, we stated that "[w]here fundamental error is involved, it is irrelevant that the defendant was responsible for the error by failing to object to an inadequate instruction or ... by objecting to an instruction which might have cured a defect in the charge to the jury." 111 N.M. 654, 662, 808 P.2d 624, 632 (1991). Responsibility for instructing the jury rests solely with the trial court. "[I]t is the duty of the court, not the defendant, to instruct the jury on the essential elements of a crime." *Id.* This distinction unfortunately was not drawn in the preservation proviso in *Santillanes*, but it is a distinction that we must make in this case.

7. The same considerations of fundamental error do not apply once proceedings are finalized by direct appeal. While "principles of finality have rarely been applied with the same force in habeas corpus proceedings as in ordinary litigation," *Manlove v. Sullivan*, 108 N.M. 471, 476 n. 3, 775 P.2d 237, 242 n. 3 (1989), we do not reexamine essential-elements instructions in proceedings after finality. Only in this sense is the clarification of existing law not retroactive.

8. *Conclusion.* We are not here presented with a question of retroactivity, *cf. Jackson v. State*, 122 N.M. 433, 925 P.2d 1195 (1996) (examining the retrospective and prospective application of decisions in criminal cases); rather this is an application of existing law to a pending case. *See State v. Rogers*, 93 N.M. 519, 521, 602 P.2d 616, 618 (1979) (cases finalized only when there has been a judgment of conviction, sentence, and exhaustion of rights of appeal). As such, we will apply the existing law, as restated in *Yarborough*, to this case. A showing of criminal negligence is required for a conviction of involuntary manslaughter, and it was fundamental error for the trial court to have not so instructed the jury. We therefore affirm the Court of Appeals.

9. IT IS SO ORDERED.

BACA, C.J., and MINZNER, J., concur.

