**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VALENTE LOPEZ,

       Petitioner - Appellant,

v.

JOE WILLIAMS, Warden,
New Mexico Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

       Respondents - Appellees.

No. 00-2247
D.C. No. CIV-97-952-MV
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

      Petitioner Valente Lopez appeals the district court's denial of his habeas

corpus petition. [1] The federal claim raised is a claim that the due process clause of

the Fourteenth Amendment was violated when Lopez was convicted of the crime

---

    *    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of child abuse without requiring proof of an essential element of scienter.      *See*

*Fiore v. White* , 531 U.S. 225, 228-29 (2001).  Lopez was convicted of child abuse

under New Mexico law, which, at the time of his bench trial, required a showing

of only ordinary civil negligence.  He was sentenced to nineteen years'

imprisonment.  While his conviction was pending on appeal before the New

Mexico Court of Appeals, the New Mexico Supreme Court interpreted the child

abuse statute to require a showing of criminal negligence.  The court of appeals,

however, affirmed his conviction and sentence.  Lopez claims that his conviction

violates his federal constitutional right to have the State prove each element of

a criminal offense beyond a reasonable doubt.  We granted a certificate of

appealability on this issue, and we reverse.

## I.  Procedural History

Lopez was charged with first-degree child abuse in violation of N.M. Stat.

Ann. § 30-6-1(C).  [2]  Up through the time that Lopez was convicted and sentenced,

New Mexico courts had interpreted the child abuse statute as a strict liability

---

[2]      § 30-6-1(C) states:
Abuse of a child consists of a person knowingly, intentionally or
negligently, and without justifiable cause, causing or permitting a child to
be:
(1) placed in a situation that may endanger the child's life or health;
(2) tortured, cruelly confined or cruelly punished; or
(3) exposed to the inclemency of the weather.

statute, which required no showing of criminal intent. *See, e.g., State v. Lucero*, 647 P.2d 406, 407-08 (N.M. 1982); *State v. Crislip*, 796 P.3d 1108, 1115 (N.M. Ct. App. 1990). After Lopez appealed his conviction and sentence to the New Mexico Court of Appeals, but before that court decided his appeal, the New Mexico Supreme Court decided *Santillanes v. State*.

In *Santillanes*, the highest court of New Mexico held that "our interpretation of [§ 30-6-1(C)] requires that the term 'negligently' be interpreted to require a showing of criminal negligence instead of ordinary civil negligence." 849 P.2d 358, 362 (N.M. 1993). It went on to state:

> [W]e conclude that the civil negligence standard, as applied to the child abuse statute, improperly goes beyond its intended scope and criminalizes conduct that is not morally contemptible. . . . We construe the intended scope of the statute as aiming to punish conduct that is morally culpable, not merely inadvertent. . . . We interpret the *mens rea* element of negligence in the child abuse statute, therefore, to require a showing of criminal negligence instead of ordinary civil negligence. That is, to satisfy the element of negligence in Section 30-6-1(C), we require proof that the defendant knew or should have known of the danger involved and acted with a reckless disregard for the safety or health of the child.

*Id.* at 365. Recognizing that its holding was a departure from previous judicial interpretation of the statute, the court went on to address the appropriate application of its decision to other cases. After analyzing prospective or retroactive application under *Linkletter v. Walker*, 381 U.S. 618 (1965), the court held that its decision was not retroactive and would be applied prospectively.

*Santillanes*, 849 P.2d at 367. And, in the very last sentence of the opinion, the court stated that its decision would "govern all cases which are now pending on direct review, provided the issue was raised and preserved below, and all cases presently pending but in which a verdict has not been reached." *Id.* at 368.

After *Santillanes* was decided, Lopez amended his appeal to claim that his conviction could not stand because the State did not prove criminal negligence, which *Santillanes* held was an element of the crime. The court of appeals, however, affirmed Lopez's conviction and sentence, holding that he was not entitled to the benefit of the *Santillanes* decision because he had not preserved the issue at trial. The court held:

> [A]lthough the standard of criminal negligence may not have been met in this case, an issue we do not decide, the civil standard was met. As we pointed out in the second calendar notice, the standard set forth in *Santillanes* does not apply to this case. This case was prosecuted and Defendant was sentenced long before the *Santillanes* decision, and there is no indication that the *Santillanes* issue was raised and preserved below. Therefore, the trial court relied on the correct standard and we will uphold its determination.

R., Tab 1, Ex. F at 3-4 (citation omitted). Lopez then petitioned for a writ of certiorari, seeking review by the New Mexico Supreme Court; that petition was denied.

Lopez sought state post-conviction relief, again arguing that his conviction violated his federal due process rights in light of the *Santillanes* decision. The

-4-

state court summarily denied the post-conviction petition, and the New Mexico Supreme Court denied Lopez's request for review.

Having exhausted his state remedies, Lopez filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 in federal district court. The magistrate judge recommended that the petition be denied; the district court summarily adopted the magistrate's findings and recommendation and dismissed the habeas petition.

*II. AEDPA and Procedural Bar*

If a state court denies a federal claim on the merits, we review the claim within the constraints of the Antiterrorism and Effective Death Penalty Act (AEDPA). *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001), *cert. denied,* 123 S. Ct. 165 (2002). We may grant relief only if the state court decision "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' . . . or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1) and (2)).

If a state court denies a federal claim on the basis of a separate state procedural deficiency, we cannot reach the merits of the claim at all unless (1) the state ground of decision was not adequate and independent of federal law; or

(2) the petitioner has established a basis for excusing his procedural default. *Id.* at 976.

And, finally, if a state court did not reach the merits of a federal claim, and our review is not barred by an adequate and independent state procedural disposition, we review the claim on the merits without constraint imposed by virtue of the state court judgment: we review the federal district court's legal conclusions de novo and factual findings for clear error. *Id.* at 975.

In deciding whether the state court addressed the merits of Lopez's federal due process claim, we look to the substance of the state court disposition. Lopez argued on appeal that his conviction violated federal due process, in light of *Santillanes'* holding that criminal negligence was an essential element of felony child abuse, because the State had been required to prove only ordinary negligence, not criminal negligence, at his trial. The New Mexico Court of Appeals refused to apply *Santillanes* to Lopez's case and denied relief because Lopez did not preserve the *mens rea* issue at trial. However it is denominated, that is plainly a procedural default ruling.

Recently, in *Cargle v. Mullin* we clarified when a state appellate court's rejection of an unpreserved claim is properly deemed a procedural default, even when it has not been explicitly designated as such by the state court. ___ F.3d ___, Nos. 01-6027, 01-6041, 2003 WL 170427, at *7 (10th Cir. Jan. 27,

2003). Although *Cargle* involved the slightly different context of appellate

plain-error review, it is instructive. In *Cargle*, we concluded that:

> A state court may deny relief for a federal claim on plain-error
> review because it finds the claim lacks merit under federal law. In
> such a case, there is no independent state ground of decision and,
> thus, no basis for procedural bar. Consistent with that conclusion,
> the state court's disposition would be entitled to § 2254(d) deference
> because it was a form of merits review. On the other hand, a state
> court could deny relief for what it recognizes or assumes to be
> federal error, because of the petitioner's failure to satisfy some
> independent state law predicate. In such a case, that non-merits
> predicate would constitute an independent state ground for decision
> which would warrant application of procedural-bar principles on
> federal habeas. If the state procedural bar were then excused for
> some reason, the federal court would be left to resolve the
> substantive claim de novo, unconstrained by § 2254(d).

*Id.* (citation omitted). The case before us, unencumbered by the extra layer of

plain-error review, presents an even more straightforward case of procedural bar.

Here, the state court summarily rejected Lopez's federal claim because he failed

to satisfy an independent state predicate–he did not preserve the issue at trial.

The state court's preservation requirement, a non-merits predicate to its rejection

of Lopez's federal claim, is plainly an independent state ground that implicates

procedural-bar principles on federal habeas. *Id.*

The critical question, therefore, is whether there is reason to excuse the

procedural bar.

> We will not consider issues on habeas review that have been
> defaulted in state court on an independent and adequate state
> procedural ground, unless the petitioner can demonstrate cause and

prejudice or a fundamental miscarriage of justice. A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. To be adequate, a state's procedural rule must have been firmly established and regularly followed when the purported default occurred.

*McCracken*, 268 F.3d at 976 (citations and quotations omitted). It is clear that the state's procedural bar in this case was independent of federal law. The bar rests on the lack of issue preservation, which is clearly a matter of state law. It is not at all clear, however, that this procedural rule–that lack of proof on an essential element of a crime must be preserved to receive any review on appeal (including fundamental-error review)–was firmly established or regularly followed at the time of Lopez's trial. This is critical here because relieving the State of its burden to prove an essential element of the offense is fundamental error. *See State v. Osborne*, 808 P.2d 624, 632 (N.M. 1991). [3]

The concept of fundamental error is firmly established in New Mexico law. In a pre-*Santillanes* decision, the New Mexico Supreme Court held that "[a]n exception to the general rule barring review of questions not properly preserved below . . . applies in cases which involve fundamental error. Fundamental error cannot be waived." *Id.* (quotation omitted). Thus, for example, because the failure to instruct on the essential elements of an offense is fundamental error, "it is irrelevant that the defendant was responsible for the error by failing to

---

[3] This is the same error regardless of whether trial is by jury or the court.

object to an inadequate instruction or, as occurred in this case, by objecting to an instruction which might have cured the defect in the charge to the jury." *Id*. Notably, in *Osborne*, the court was faced with a situation similar to Lopez's. While that defendant's direct appeal was pending, the New Mexico Supreme Court decided that "unlawfulness" was an essential element of criminal sexual contact of a minor, where it had not previously been recognized as such. Under the circumstances of that case, the high court applied fundamental-error review and reversed the conviction. *Id.* at 633.

In a post-*Santillanes* case, *State v. Kirby*, 930 P.2d 144 (N.M. 1996), the New Mexico Supreme Court was again faced with a similar situation. After the defendant had been tried and convicted, but before his appeal had been decided, the state appeals court decided that criminal negligence was an element of involuntary manslaughter. The defendant had not, however, objected at trial to the lack of a criminal negligence element in his jury instructions. Nonetheless, the appeals court applied the intervening decision in the case. The state supreme court affirmed, holding that omitting an essential element from the jury instructions was fundamental error subject to correction on appeal despite the lack of preservation at trial. *Kirby*, 930 P.2d at 145-46. Moreover, the court expressly noted *Santillanes'* unexplained disregard for this distinction. The *Kirby* court recognized that "[r]esponsibility for instructing the jury rests solely with the trial

court. It is the duty of the court, not the defendant, to instruct the jury on the essential elements of a crime. This distinction unfortunately was not drawn in the preservation proviso in *Santillanes*, but it is a distinction that we must make in this case." *Id* (quotation and citation omitted) *; see also State v. Acosta*, 939 P.2d 1081, 1084-86 (N.M. Ct. App. 1997) (following *Osborne* and *Kirby* and applying fundamental-error principle to reverse conviction for failure to instruct on essential element recognized in decision issued after defendant's trial but before conclusion of appeal). [4]

In addition to these New Mexico authorities that seem particularly applicable to our case, the following cases represent an illustrative, though not exhaustive, list of cases in which New Mexico courts afforded fundamental-error review to issues that were not preserved at trial: *State v. Castro*, 53 P.3d 413, 413-14 (N.M. Ct. App. 2002) (reversing conviction); *State v. Cunningham*, 998 P.2d 176, 178-79 (N.M. 2000); *State v. Green,* 861 P.2d 954, 960 (N.M. 1993) (reversing conviction); *State v. Elmquist*, 844 P.2d 131, 135

---

[4] We stress that retroactivity is not the issue in this case. *Santillanes* clearly stated that its holding would apply to cases pending on direct review. 849 P.2d at 368; *see generally State v. Rogers*, 602 P.2d 616, 618 (N.M. 1979) (holding that concerns of retroactive application arise "only for causes that have been finalized," which means that appeal rights have been exhausted). This case is about claim preservation, i.e., procedural default.

(N.M. Ct. App. 1992) (reversing conviction); *Ortiz v. State*, 749 P.2d 80, 82-83 (N.M. 1988) (reversing conviction).

Our examination of New Mexico law shows that the procedural default rule enforced against Lopez to bar even fundamental-error review, was not firmly established and regularly followed either before, at the time of, or after Lopez's trial. Consequently, the procedural default in this case does not preclude federal habeas review of the merits of Lopez's federal claim. *See Romano v. Gibson*, 239 F.3d 1156, 1170 (10th Cir. 2001), *cert. denied*, 534 U.S. 1045 (2001). We are left to exercise our independent judgment in addressing the merits of Lopez's claim. *See McCracken,* 268 F.3d at 975.

### *III. Merits*

"[T]he Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." *Fiore*, 531 U.S. at 228-29 (holding conviction based on conduct that statute, properly interpreted, does not prohibit violates due process). The New Mexico Supreme Court has held that the "negligence" element of the child abuse statute requires proof of criminal negligence instead of ordinary negligence: "proof that the defendant knew or should have known of the danger involved and acted with a reckless disregard for the safety or health of the child." *Santillanes*, 849 P.2d at 365. It is clear from the record that the bench trial was

-11-

conducted under the assumption, by both the parties and the court, that the State was not required to prove intent and that proof beyond a reasonable doubt of *civil* negligence would satisfy the State's burden.  R., Trial Tape #4, 1, 9, 12.  Our review of the trial tapes leads us to conclude that the State was not required to prove criminal negligence beyond a reasonable doubt, in violation of Lopez's right to due process under the Fourteenth Amendment.  This conclusion does not, however, end our inquiry.  We will grant habeas relief for a constitutional violation only if the error was not harmless.

"When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error is not harmless."  *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  As we stated, there were repeated references at trial to the fact that Lopez could be convicted upon proof of ordinary civil negligence, that the crime required no criminal intent.  In addition, in the course of stating his finding of guilt, the trial judge told Lopez that it was "very clear . . . it was accidentally done.  I don't think there was any testimony . . . that would indicate you intentionally harmed the child.  But I do find you did commit child abuse negligently."  R., Trial Tape #12.

-12-

Our review of the trial tapes does not convince us that the trial court found Lopez guilty upon a showing of criminal negligence; the evidence of criminal negligence is decidedly underwhelming.[5] We are left with, at the very least, grave doubt as to whether the court's conclusion that the state was not required to prove criminal negligence had substantial and injurious effect or influence in determining its verdict. As a result, we cannot say that this error, which clearly affects substantial rights, was harmless, and we grant habeas relief. *See O'Neal*, 513 U.S. at 445.

We REVERSE the district court's judgment and grant the writ, with the condition that the State may retry Lopez within a reasonable time. If retrial is not commenced within a reasonable time, the State may be subject to further federal proceedings regarding his release. *See Cargle*, 2003 WL 170427, at *26.

Entered for the Court


David M. Ebel
Circuit Judge

---

[5] On the other hand, we cannot say that the evidence of criminal negligence is so deficient that no rational trier of fact could have found criminal negligence beyond a reasonable doubt, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which allays any double jeopardy concerns that might arise regarding retrial. *See Cargle*, 2003 WL 170427, at *25-26.

-13-