**LUBRITORIUM, Inc., et al. v. ADAMS et al.**

No. 21905. Opinion Filed July 7, 1931.

Rehearing Denied July 28, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Murray F. Gibbons, for respondents.

HEFNER, J. This is an original proceeding in this court by Lubritorium, Incorporated (Wirt Franklin), and United States Fidelity & Guaranty Company, to review an award of the Industrial Commission awarding compensation to Pinkie Adams. On April 15, 1930, the Commission made an order awarding compensation to claimant in the sum of $37.32 for temporary total disability, and also ordered that compensation continue at the rate of $9.33 per week until the termination of disability, or until otherwise ordered by the Commission.

A petition was filed in this court by petitioners to review the award. The petition was denied in the latter part of September. Mandate issued from this court October 7th, and was received and filed by the Commission on October 8th. On October 9th, petitioners filed an application before the Commission to determine the extent of liability and requested a hearing thereon. Thereafter, and on the 13th day of October, without further hearing, the Commission made an order requiring petitioners to pay claimant the sum of $253.04, additional compensation computed at the rate of $9.33 per week from the date of the original award to the date of receipt of the mandate. Petitioners contend that the Commission erred in denying them a hearing on their motion; that it was without authority to award additional compensation without a hearing.

Claimant contends that petitioners were not entitled to a hearing on their motion for the reason that they failed to comply with rule 17 promulgated by the Commission. This rule provides:

"Following the making of the initial payment required to be reported to the Commission by rule No. 16, payment of compensation shall be made by the employer or insurance carrier liable therefor every two weeks, as it accrues, unless otherwise provided by order of the Commission, to the date of filing final receipt on Form No. 7 or No. 8, or notice of suspension on Form No. 16. The Commission will not consider nor set for hearing any motion to discontinue the payment of compensation unless payments thereof have been made up to 21 days preceding the filing of such motion to discontinue; and unless such motion to discontinue compensation sets up sufficient

ground supported by a physician's report, Form No. 5, signed by employer or employee, or affidavit showing specifically and in detail the reasons therefor."

Claimants contend that before petitioners were entitled to a hearing, it devolved upon them to pay all installments due under the original award up to 21 days preceding the filing of their motion, and that they were also required to support their motion by a physician's report or affidavit, showing specifically and in detail the grounds upon which the motion was based. In our opinion petitioners were not required, under the circumstances of this case, to pay the accumulated weekly payments provided by the original order before being entitled to a hearing on their motion to discontinue payments. They had a right to appeal from the original award. Pending the appeal, the Commission was without jurisdiction to further proceed in the matter. Pending the appeal, petitioners could not have obtained a hearing as to the extent of liability. The Commission, in the interim, was without jurisdiction to entertain a motion to discontinue payments. Under the rule relied upon, the Commission will not entertain such motion where the employer and its insurance carrier are in arrears in making payments in excess of 21 days. Liability was not definitely established until the mandate of this court was received by the Commission. The motion was filed the next day after mandate was received; petitioners were therefore not in arrears of payment exceeding 21 days at the time their motion was filed, and should not have been denied a hearing on this ground.

Claimants, however, further contend that petitioners failed to file with their motion a physician's report or affidavit showing the grounds upon which the motion was based, and that the Commission had the right to deny a hearing for this reason. With this contention we are inclined to agree. Neither the physician's report, nor the affidavit required by the rule, was filed by petitioners. No sufficient ground for discontinuing compensation is set forth in the motion. The motion is unverified. Petitioners have failed to comply with this rule. We think the rule is valid. Under express provisions of the Workmen's Compensation Act, section 7318, C. O. S. 1921, the Industrial Commission is authorized to adopt reasonable rules not inconsistent with the act in order to carry into effect the provisions thereof. In our opinion the Commission was authorized to deny petitioner a hearing on their motion because of their failure to file a physician's

report or affidavit as required by its rules.

The petition to review is denied.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.