903 P.2d 234

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Vince REMALY, Defendant–Appellee.**

**No. 22413.**

Supreme Court of New Mexico.

Sept. 19, 1995.

Tom Udall, Attorney General, M. Anne Wood, Assistant Attorney General, Santa Fe, for Appellant.

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Assistant Appellate Defender, Santa Fe, for Appellee.

## OPINION

FRANCHINI, Justice.

The State appeals from the district court's order dismissing with prejudice its criminal case against Vincent Remaly. Four days before the six-month time period in which to try Remaly expired, *see* SCRA 1986, 5–604(B) (Repl.Pamp.1992), the State petitioned under SCRA 5–604(C) for an extension of time in which to try its case. Judge Bruce Kaufman [hereinafter "designated judge"], who was the presiding judge and also the judge this Court had designated to rule on SCRA 5–604(C) petitions, granted the petition. The designated judge then retired, and Judge Art Encinias [hereinafter "presiding judge"] took over the designated judge's cases. Three months later the presiding judge concluded that because Remaly had not been given five-days notice in which to file his objection to the State's petition before the designated judge ruled on the petition, the extension was not valid, the six-month rule had expired, and the case against Remaly should be dismissed. We hold that the presiding judge had no authority to review or withdraw the designated judge's order because that authority rests solely with this Court. The order dismissing this case is therefore set aside, and the case is remanded for trial on the merits.

*Facts and proceedings below.* Remaly was arraigned on three criminal charges on October 22, 1993. The court set trial for January 3, 1994, but Remaly's counsel requested and received a continuance. The State made a plea offer, and in January Remaly's counsel indicated to the trial court and the State that Remaly was considering accepting the offer. Remaly apparently rejected the offer the week before the six-month-rule time limit ended on April 22. The State petitioned for an extension of time on April 19, noting in the petition that Remaly objected to an extension. On that date, a first-degree murder trial that would not be completed before the 22nd was being tried in the court with jurisdiction over Remaly's case. The designated judge granted the State's petition and filed an order extending the time to August 22, 1994, without waiting for Remaly to file his specific objections to the petition.

Remaly filed his objections on May 9. After receiving those objections, the designated judge refused to reconsider his order and later retired. Remaly's case was assigned to

the presiding judge, who set trial for July 11, 1994. At a pretrial conference on July 7, Remaly argued that the designated judge's extension was not valid because the petition was granted before receipt and consideration of Remaly's specific objections. The presiding judge ruled that failure to follow the procedure set forth in the SCRA 5–604(C) invalidated the extension and dismissed the case for failure to comply with the notice provisions of SCRA 5–604(C) or for lack of speedy trial.

■ *The presiding judge had no authority to review the final order.* SCRA 5–604(C) gives the Supreme Court and its designated judges exclusive jurisdiction over petitions filed pursuant to the Rule. SCRA 5–604(C) provides in part:

> The time for commencement of trial may be extended only by the supreme court . . . or a judge designated by the supreme court, for good cause shown. The party seeking an extension of time shall file with the clerk of the supreme court a verified petition for extension concisely stating the facts petitioner deems to constitute good cause for an extension of time to commence the trial. . . . A party seeking an extension of time shall forthwith serve a copy thereof on opposing counsel. Within five (5) days after service of the petition, opposing counsel may file an objection to the extension setting forth the reasons for such objection. No hearing shall be held except upon order of the supreme court. If the supreme court finds that there is good cause for the granting of an extension . . . it shall fix the time limit within which the defendant must be tried.

Because orders of this Court are final orders, our Court of Appeals has held that it has no authority to review orders for extensions of time. *See, e.g., State v. Sedillo,* 86 N.M. 382, 382, 524 P.2d 998, 998 (Ct.App.), *cert. denied,* 86 N.M. 372, 524 P.2d 988, *and cert. denied,* 419 U.S. 1072, 95 S.Ct. 662, 42 L.Ed.2d 669 (1974). Although this Court and its designated judge certainly had authority to hold a hearing on the matter, *see* SCRA 5–604(C), or to reconsider the designated judge's decision, *see* SCRA 1986, 12–404 (Repl. Pamp.1992 & Cum.Supp.1995), the presiding judge, acting as such, had no authority to hold the hearing or to set that order aside. Even though the presiding judge had authority to grant new six-month-rule extensions when he dismissed this case, he lacked authority to vacate a final order previously entered by the designated judge. In addition, Remaly's objections were not timely filed after he received notice of the petition, and the designated judge declined to set aside his decision after learning of Remaly's specific objections. Remaly's remedy was to file a motion for hearing or reconsideration in this Court. Given his tardy objection, we probably would not have entertained such a motion.

■ Further, although it is preferable to wait until after an objecting party has made specific objections before making a ruling on a SCRA 5–604(C) petition, the Rule does not require this Court or its designated judge to wait five days for consideration of potential objections before entering an order granting an extension. There is no question that good cause was adequately established, and Remaly raised no arguments that were sufficient to overcome the State's interest in an opportunity to try Remaly on the charges against him.

■ The actions of the defendant that contributed to the delays in trying the case further mitigate against any claim of constitutional violation of speedy trial provisions. *Cf. Salandre v. State,* 111 N.M. 422, 428–29, 806 P.2d 562, 568–69 (1991). We set aside the order dismissing this case and remand it to the trial court for trial on the merits.

**IT IS SO ORDERED.**

BACA, C.J., and FROST, J., concur.