6 P.3d 503

2000-NMCA-061

STATE of New Mexico,
Plaintiff–Appellee,

v.

Fernando Lewis SANCHEZ,
Defendant–Appellant.

No. 20,954.

Court of Appeals of New Mexico.

June 14, 2000.

Certiorari Denied, No. 26,413,
July 24, 2000.

Patricia A. Madrid, Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Chris Bulman, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

APODACA, Judge.

{1} Defendant appeals from the trial court's judgment and sentence after Defendant's conviction of forgery. He challenges the trial court's extension of time within which to commence trial under Rule 5–604 NMRA 2000. Our calendar notice proposed to affirm. Defendant has filed a memorandum in opposition to our proposed summary affirmance. Not persuaded by his arguments, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} Defendant was indicted for forgery on December 11, 1997. He was arrested a few days later, and he eventually posted bond. He was not arraigned until July 27, 1998. A new bond was set. Defendant posted that bond and was released on September 8, 1998.

{3} On December 29, 1998, the trial judge assigned to Defendant's case recused herself. (*Id.*) A newly appointed judge was assigned to the case. On January 26, 1999, one day before the six-month deadline expired under Rule 5–604, the State filed a

petition for a three-month extension under Rule 5–604(C). Defendant opposed the extension. On January 27, the trial court granted the State's petition. Defendant pled guilty on March 31, reserving the right to appeal the extension of time within which to commence trial. *See State v. Hodge,* 118 N.M. 410, 416, 882 P.2d 1, 7 (1994) (holding that defendant may enter conditional plea of guilty or nolo contendre with approval of the court and consent of the prosecution, preserving an issue for appeal).

## II. DISCUSSION

{4} Rule 5–604 provides that trial shall be commenced no later than six months from the date of arraignment or other events not relevant here. Rule 5–604(B)(1). The trial court may extend this time for good cause shown, but the aggregate of all such extensions shall not exceed three months. Rule 5–604(C).

### A. Jurisdiction

■ {5} We first consider whether we have jurisdiction to decide Defendant's appeal. Formerly, Rule 5–604 limited authority to grant extensions of time to the Supreme Court or a judge designated by the Supreme Court. *See State v. Remaly,* 120 N.M. 492, 494, 903 P.2d 234, 236 (1995) (quoting pertinent portion of Rule 5–604). Consequently, this Court had no jurisdiction over extensions of time under the previous version of the rule. *See id.* (holding that Supreme Court had exclusive jurisdiction over petitions for extensions of time under Rule 5–604).

■ {6} In 1998, Paragraph (C) was added to Rule 5–604, giving trial courts authority to grant extensions not exceeding three months. *See* annotations to Rule–5–604. Citing no authority but the rule itself, Defendant requested in his docketing statement that this case be transferred to the Supreme Court under Rule 12–102(A)(5) NMRA 2000 (appeals to be taken to Supreme Court where jurisdiction is reserved to Supreme Court by New Mexico Constitution or by Supreme Court order or rule). We deny Defendant's request and hold that, although we cannot review a decision of our Supreme

Court extending the time for trial under Rule 5–604(D), *see Remaly,* 120 N.M. at 494, 903 P.2d at 236, we can review the trial court's decision under Rule 5–604(C). *See* Rule 12–201(B) NMRA 2000 (appeals not enumerated in Rule 12–201(A) shall be taken to Court of Appeals); *see also State v. Garcia,* 110 N.M. 419, 422, 796 P.2d 1115, 1118 (Ct.App.1990) (holding that Court of Appeals may review defendant's claim that her speedy trial rights were violated when defendant did not rely on delay caused by Supreme Court's extension of time under Rule 5–604). We therefore address the merits of Defendant's claim.

### B. Trial Court's Extension of Time

■ {7} There is no dispute concerning the facts of Defendant's claim. We review the trial court's application of Rule 5–604 to those facts de novo, as a matter of law. *See State v. Wilson,* 1998–NMCA–084, ¶ 8, 125 N.M. 390, 962 P.2d 636 (applying de novo review to trial court's application of six-month rule).

■ {8} For the reasons that follow, we hold that the trial court did not err in granting the State's petition. We first consider the seven-month delay in arraigning Defendant, in violation of Rule 5–604(A) (providing that defendant shall be arraigned no later than fifteen days after date of indictment, information, or arrest, whichever is later). Defendant does not allege that the State intentionally delayed the arraignment in order to circumvent the six-month rule. We therefore apply Rule 5–604 literally and hold that the six-month period under Rule 5–604 began running from the date of Defendant's arraignment. *See State v. Coburn,* 120 N.M. 214, 217, 900 P.2d 963, 966 (Ct.App.1995) ("Because Defendant does not allege that the State intentionally sought to have the arraignment delayed, we see no reason to set aside the literal application of the rule.").

■ {9} The judge assigned to Defendant's case was newly appointed to the bench. She stated from the bench that Defendant's case "fell between the cracks" in her office. Defendant insists that the judge's explanation is irrelevant, pointing out that the burden is on the State to timely prose-

cute his case. Even though we agree that the State has a burden to prosecute Defendant's case in a timely fashion, we cannot completely absolve the trial court of responsibility. *See* Rule LR3–107(A) NMRA 2000 ("The judge of each division shall determine ... general itinerary and schedule ."). We hold that, because the judge was newly appointed and failed to schedule the trial for that reason, good cause existed under Rule 5–604(C) to support the trial court's grant of a three-month extension. *See State v. Portillo,* 110 N.M. 135, 137, 793 P.2d 265, 267 (1990) (holding that Rule 5–604 is to "be interpreted with logic and common sense"); *cf. State v. Aaron,* 102 N.M. 187, 192, 692 P.2d 1336, 1341 (Ct.App.1984) (holding continuance under Interstate Agreement on Detainers was for good cause when judge assigned to case was appointed to Supreme Court and other judges in district had full dockets).

{10} In arguing that the trial court's actions cannot relieve the State from the consequences of Rule 5–604, Defendant relies on civil cases in which the respective defendants sought to be relieved from default judgments, blaming their inaction on their insurance company or their attorney. *See Adams v. Para–Chem Southern, Inc.,* 1998–NMCA–161, ¶ 9, 126 N.M. 189, 967 P.2d 864 (holding defendant not entitled to relief from default judgment because it was bound by inexcusable failure of its insurer to defend complaint and its own inexcusable failure to inquire as to status of litigation); *Padilla v. Estate of Griego,* 113 N.M. 660, 665, 830 P.2d 1348, 1353 (Ct.App.1992) (holding defendants bound by the inexcusable neglect of their attorney). We believe defendant's reliance is misplaced. Our holding in this appeal is that it was excusable for a new judge to fail to schedule the beginning of Defendant's trial within one month of being assigned to Defendant's case. We reject Defendant's implicit proposition that a trial court is the agent of the prosecutor in the manner that an insurance company is the agent for its insured or an attorney is the agent for a client.

## III. CONCLUSION

{11} We hold that the trial court did not err in granting the maximum extension of time permitted under present Rule 5–604. We therefore affirm.

{12} **IT IS SO ORDERED.**

WECHSLER and ELLINGTON, JJ., concur.