This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                       **NO. 30,154**

**TRAVIS MOON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Violet C. Otero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Assed & Associates, P.C.
Ahmad Assed
Richard J. Moran
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals the district court's dismissal of his appeal. The district court found that, pursuant to Rule 6-703(L) NMRA, it no longer had jurisdiction to hear the appeal. Accordingly, the district court entered an order dismissing the appeal and remanding the case to the magistrate court for enforcement of its judgment. Defendant appeals, and we affirm the district court.

**BACKGROUND**

Defendant was convicted in magistrate court of violating a protective order. He timely appealed the conviction to the district court on April 19, 2007. Trial was set for August 16, but was later continued to September 27. Three extensions of time were sought by Defendant and one extension of time was sought by the State; all four requests were granted by the Supreme Court. The first extension was granted to January 19, 2008, the second was granted to April 19, 2008, the third was granted to July 19, 2008, and the fourth was granted to August 19, 2008. Trial commenced on August 19, 2008, the last day of the fourth Supreme Court extension.

At trial, the victim was examined by the State. During cross-examination of the witness, Defendant approached the district judge and asked for a recess so that he could find an expert witness to testify about how a person would be able to create an e-mail account using identifying information that has nothing to do with the person.

The State argued that it had not raised an issue with regard to e-mail messages, that Defendant came prepared to examine the witness about the e-mails, and that Defendant therefore had an adequate opportunity to prepare for issues related to the e-mails. After a lengthy discussion, during which the district judge pointed out that the e-mails had not been admitted or viewed by the court, the district judge informed Defendant that if he wanted to hire someone "to figure out how any information [the witness] may have received should be considered by the Court or not considered, [Defendant could] certainly do that much." The judge commented that Defendant would just be "hiring an expert to tell [the judge] something that hasn't been testified to." The judge also noted that it was interesting that Defendant already had "in mind an expert witness" to testify about the e-mails. The district court granted Defendant's request in order to allow Defendant to secure an expert, and directed Defendant to file, before trial resumed, an amended witness list that would include his expert witness.

Close to one year after the trial had commenced, Defendant filed a request to continue with the trial. Trial was scheduled for October 20, 2009. The State filed a motion to exclude testimony from any expert that Defendant may have retained, arguing that Defendant had failed to disclose his expert witness to the State. On the day of trial, Defendant informed the court that he would not be presenting an expert. The parties then continued with their presentations. After the parties each rested, and

prior to closing argument, the district court initiated a discussion regarding Rule 6-703 and its possible effect on the case. The judge believed that, because trial had commenced on the last day of the Supreme Court extension, August 19, 2008, but no decision had been made on that day, the case fit within the language of the rule pertaining to "[a]ny appeal pending without disposition." The district court orally ruled that it was without jurisdiction to hear the appeal and that the case should be dismissed. The court stated, "I'm going to let you [State] weigh in . . . and I'm also, in all fairness, let [Defendant] weigh in on the Court's ruling." After a discussion about the meaning of "disposition" and whether recess in a case amounts to a stay of proceedings, the district court reaffirmed its oral ruling. Prior to any written order on the district court's ruling, Defendant filed an objection and an accompanying brief regarding the oral ruling, asking the court to grant a mistrial, reconsider its ruling, or grant a new trial. A hearing was held on December 15, 2009, to address Defendant's claims. The court heard argument from both parties and announced its decision to dismiss the appeal. The order of dismissal and remand to the magistrate court was filed on December 15, and Defendant timely appealed to this Court.

**DISCUSSION**

**Extensions by Supreme Court**

Based on the information available to this Court at the time the case was assigned to the general calendar, we asked the parties to address whether the Supreme Court extensions granted in this case were "proper in light of the language" in Rule 6-703(M) that allows for an extension "one time for a period not exceeding ninety (90) days," and further provides that "[n]o other extension of time shall be allowed." *Id.* As the State correctly points out, the grant of extensions is within the superintending control and power of the Supreme Court. *See* N.M. Const. art. VI, § 3; *see also State v. Remaly*, 120 N.M. 492, 494, 903 P.2d 234, 236 (1995) (noting that, because orders of the Supreme Court are final, the Court of Appeals has recognized that it has no authority to review orders for extensions of time); *cf. State v. Sanchez*, 2000-NMCA-061, ¶ 5, 129 N.M. 301, 6 P.3d 503 (holding that this Court cannot review the Supreme Court's decision to grant an extension beyond time allowed under the six-month rule).

In addition, the extensions granted in this case, up to and including the date that trial began, were not considered by the district court when it decided to dismiss the case. The extensions of time only extended the time for the start or commencement of trial. The district court and the State have not questioned whether the commencement of trial, on August 19, 2008, was timely pursuant to the Supreme Court extensions granted through that date. Therefore, despite our direction to the

parties to brief this issue, we will not address the propriety of the extensions in this case.

**DISTRICT COURT'S APPLICATION OF RULE 6-703(L)**

**Applicable Version of the Rule**

The State, in its answer brief, contends that Defendant relies on the 2009 version of Rule 6-703 when the 2004 version of the rule is applicable to this case. Defendant did not file a reply brief. *See* Rule 12-213(C) NMRA (2005) ("The appellant may file a brief in reply to the answer brief. Such brief . . . shall be directed only to new arguments or authorities presented in the answer brief."). The failure to respond to new arguments made in an answer brief constitutes a concession by the appellant. *State v. Templeton*, 2007-NMCA-108, ¶ 22, 142 N.M. 369, 165 P.3d 1145.

Moreover, we agree with the State's contention that the changes in the rule relied on by Defendant effective on January 22, 2008, and January 15, 2009, are not applicable to this case. The complaint was filed on December 7, 2005, and the appeal to the district court was filed on April 19, 2007; both events occurred before the effective dates of the changes to the rule. Our Supreme Court has the authority to make any change in a rule applicable to pending cases. *State v. Pieri*, 2009-NMSC-019, ¶¶ 19-20, 146 N.M. 155, 207 P.3d 1132. However, there is no indication that the Supreme Court has chosen to apply amendments to Rule 6-703 to pending cases. We hold that the version of the rule effective February 16, 2004, is applicable to this case.

**Interpretation of Rule 6-703**

The interpretation of a rule is reviewed de novo. *See State v. Stephen F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184; *State v. Maestas*, 2007-NMCA-155, ¶ 9, 143 N.M. 104, 173 P.3d 26 (holding that application of Supreme Court Rule 7-506 NMRA is reviewed de novo). The text of a rule is the primary and essential source of its meaning. NMSA 1978, § 12-2A-19 (1997); *State v. Mendoza*, 108 N.M. 446, 448, 774 P.2d 440, 442 (1989). The purpose of six-month rules is to ensure prompt disposition of criminal cases. *State v. Hoffman*, 114 N.M. 445, 446-47, 839 P.2d 1333, 1334-35 (Ct. App. 1992). Six-month rules should not be technically applied "to effectuate dismissals," and must be read with common sense. *Id.*

The 2004 version of Rule 6-703(L) states:

> **Disposition; time limitations.** The district court shall try a trial de novo appeal within six (6) months after the filing of the notice of appeal. Any appeal pending in the district court six (6) months after the filing of the notice of appeal without disposition shall be dismissed and the cause remanded to the magistrate court for enforcement of its judgment.

Defendant claims that Rule 6-703(L) is focused on the time for "commencing" the appeal. As support for his argument, Defendant refers to the fact that the title of Rule 5-604(B) NMRA is "Time limits for the commencement of trial." Defendant also relies on the fact that Rule 6-703 was amended to include references to Rule 5-604, and the second sentence of the rule has been amended from "shall" to "may." As

noted above, the applicable version of the rule pertaining to de novo appeals is the 2004 version, and therefore, we are not concerned with later amendments to that rule or with the title of a district court rule concerning time limits for trial. Furthermore, as stated by the district court, Subsection C of Rule 5-604 specifically states that it does not apply to cases on appeal from magistrate court.

Where a rule is unambiguous, we interpret the language of the rule literally, and we apply the plain meaning of the language, as it appears on the face of the rule, unless doing so would lead to an absurd or unjust result. *State v. Pendley*, 92 N.M. 658, 662-63, 593 P.2d 755, 759-60 (Ct. App. 1979), *superceded in statute/rule on other grounds as stated in State v. Gonzales*, 95 N.M. 636, 624 P.2d 1033 (Ct. App. 1981). We will not add language to the rule unless it is necessary to avoid an absurd result or to fit with the obvious intent of the Supreme Court. *Id.*

Rule 6-703(L) includes two sentences. The first sentence refers to trying a de novo appeal within six months after the notice of appeal is filed. To "try" a case means "[t]o examine judicially; to examine and resolve (a dispute) by means of a trial." *Black's Law Dictionary* 1657 (9th ed. 2009). The second sentence provides that an appeal that is pending after the six-month time period "without disposition" must be dismissed. "Disposition" is defined as "[a] final settlement or determination." *Black's Law Dictionary*, *supra*, at 539; *cf. Atencio v. Love*, 96 N.M. 510, 511, 632

9

P.2d 745, 746 (1981) (reviewing the rule mandating dismissal when a charge is pending for six months from the date of arraignment without disposition in a case where a defendant was tried, convicted, but not sentenced; the Court held that sentencing is not included in the disposition).

Defendant claims that the meaning of the language in the first sentence of Rule 6-703(L), "[t]he district court shall try a trial de novo appeal" within six months refers to the "commencement" of trial. Even if we were to accept Defendant's position, we need only look to the title of the rule to discern the meaning of the language of the rule. *Cf. State v. Ellenberger*, 96 N.M. 287, 288, 629 P.2d 1216, 1217 (1981) (holding that reference to the title of a statute to discern its meaning is justified when the language in the body of the statute does not clearly express its meaning). Based on the plain language in both sentences, the body of the rule refers to a final resolution or determination in a case. The title of the rule refers only to "[d]isposition; time limitations," and makes no reference to the start, beginning, or commencement of trial. Therefore, even if the first sentence should be interpreted to refer to the commencement of trial, the language in the second sentence of the rule, as well as its title, clearly refer to the disposition or final resolution of a de novo appeal. *Cf. State v. Wilson*, 1998-NMCA-084, ¶ 6, 125 N.M. 390, 962 P.2d 636 (explaining the effect

of a similar version of the rule to require that an appeal be tried and disposed of within the time period of the rule or dismissal of the appeal would result).

In this case, there was no final resolution or determination in the case on the final day of the Supreme Court extension of time. As of August 20, 2008, the appeal was pending without disposition and there was no further extension of the six-month time limitation. Based on the plain meaning of the language of the rule, Defendant's appeal was subject to dismissal.

Moreover, if the 2009 amendment to Rule 6-703(L) was applicable to this case and if this case would be considered a pending case at the time the district court entered its order, the district court did not err in dismissing the appeal. The amended rule continued to provide that the "time for trial" for a de novo appeal "shall be within six (6) months after the filing of the notice of appeal." *Id.* The second sentence included in the 2009 amendment states that, "[a]ny appeal pending without disposition upon expiration of the time for trial may be dismissed" and remanded to the magistrate court, "or the court may consider other sanctions as appropriate." *Id.* The significant change made by the 2009 amendment was to permit the district court the discretion to dismiss the case or consider other sanctions if the time limits are not met. After hearing argument from the parties at the December 15, 2009 hearing, the district court pointed out that Defendant asked for a continuance but failed in his obligation to seek

11

an extension to "prosecute the appeal." The court found that it "exercised proper discretion in dismissing [the] appeal." Based on the circumstances in this case, including the fact that Defendant obtained an extension through August 19, 2008, to bring his appeal; Defendant requested time to find an expert that he never retained; Defendant failed to ask for further extensions to bring his appeal; and Defendant waited for almost a year before requesting to resume the trial, we hold that, under the 2009 version of the rule, it was not an abuse of discretion for the district court to decide that dismissal was appropriate in this case.

**Compliance With Rule 6-705 NMRA**

Defendant argues that the district court did not have the authority to raise the issue of dismissal. Defendant relies on Rule 6-705 to argue that an appellee may move to dismiss an appeal, but dismissal by a district court, on its own motion, cannot occur unless the district court first allows the appellant to provide reasons why the case should not be dismissed. Rule 6-705 states:

> A. By the court. When an appellant fails to comply with these rules, the district court shall notify the appellant that upon the expiration of ten (10) days from the date of the notice the appeal will be dismissed unless prior to that date appellant shows cause why the appeal should not be dismissed.

> B. Failure to appear; trial de novo appeals. If the defendant fails to appear at the trial de novo, the district court shall set a hearing within thirty (30) days for the defendant to show good cause why the

12

defendant's appeal should not be dismissed. The clerk of the district court shall mail notice of the hearing to the defendant and to the defendant's counsel at least ten (10) days prior to the hearing. If the defendant fails to show good cause for the failure to appear for trial, the district court may dismiss the appeal and remand the case to the magistrate court for enforcement of the judgment and sentence. If the district court finds good cause for the defendant's failure to appear, the district court shall reschedule the trial:

(1) prior to the expiration of the six-month time period for trial provided by Rule 6-703; or

(2) within the time fixed by the Supreme Court if the defendant obtains an extension of time for trial pursuant to Rule 6-703.

C. By motion of the appellee. If the appellant fails to comply with these rules, the appellee may file a motion in the district court to dismiss the appeal. The motion shall identify the rule violated. The appellant shall have ten (10) days from the date of service to respond to the motion.

*Id.* As described by Defendant, the rule allows for the filing of a motion to dismiss the appeal by the State, or the court's dismissal for a defendant's failure to appear or dismissal for failure to comply with the rules, but only after the defendant is provided an opportunity to show good cause why the appeal should not be dismissed.

On October 20, 2009, the district court raised a concern regarding Rule 6-703. After hearing argument from the parties, the court orally announced that it would proceed to dismiss the appeal. No written order was filed and, generally, an oral ruling by a district court is not final or binding. *See State v. Vaughn*, 2005-NMCA-076, ¶ 15, 137 N.M. 674, 114 P.3d 354. Following the court's oral

13

ruling, Defendant indicated that he would oppose the dismissal of his appeal and filed a brief on the matter on November 3, 2009. A hearing was held on December 15, 2009, at which the parties presented their arguments to the district court. The district court still believed that dismissal was appropriate, and entered a written order of dismissal on that date. The district court did not follow the specific procedure set out in Rule 6-705(A), but contrary to Defendant's argument, Defendant was provided with an opportunity to "explain to the court why the trial should have proceeded."

Defendant claims that the failure to "comply" with Rule 6-705(A) did not amount to harmless error, and the court's actions effectively denied him his right to appeal. Defendant suggests that the district court should have inquired into whether his right to appeal outweighed the application of Rule 6-703 due to fault attributable to the State and the court, and lack of prejudice to the State. Defendant also suggests that the district court should have investigated whether Defendant was seeking to profit from the delay in trying his appeal. Finally, Defendant again claims that the actions of the district court were not harmless because Defendant was not provided an opportunity to "argue against dismissing his de novo appeal prior to the lower court outright dismissing."

In support of his claims, Defendant relies on *State v. Hrabak*, 100 N.M. 303, 669 P.2d 1098 (Ct. App. 1983), and *Village of Ruidoso v. Rush*, 97 N.M. 733, 643

14

P.2d 297 (Ct. App. 1982). In *Hrabak*, the district court admitted that the delay in setting the appeal was the fault of the court, and not of the defendants. *See Hrabak*, 100 N.M. at 305, 669 P.2d at 1100. In *Rush*, the prosecutor agreed that it would not assert the six-month rule, the defendant was not timely in presenting his appeal based on the prosecutor's assurances, and this Court determined that dismissal, under those circumstances, was unfair. *See Rush*, 97 N.M. at 733, 643 P.2d at 297.

Here, Defendant sought multiple extensions of time, but on the last day of the last extension, Defendant argued strenuously that he needed to obtain an expert witness before proceeding with his appeal. Defendant did not seek a further extension of time for his appeal, and he waited close to one year before asking the district court to resume proceedings in his appeal. *See Town of Bernalillo v. Garcia*, 118 N.M. 610, 613, 884 P.2d 501, 504 (Ct. App. 1994) (noting that the rule pertaining to de novo appeals from the municipal court imposes on a defendant the consequences of excessive delay). The situation in this case is not, in any way, similar to the situations in *Hrabak* or *Rush*. In addition, as discussed earlier, Defendant had an opportunity to present the district court with his argument in opposition to dismissal. We hold that the district court did not err in raising a concern regarding Rule 6-703.

15

**Mandatory Precondition**

Defendant points out that the district court believed it was without jurisdiction to hear the appeal because the time limits under Rule 6-703 had not been met. Defendant claims that this was error because the requirements under Rule 6-703 are not jurisdictional. As discussed in *Varela v. State*, 115 N.M. 586, 855 P.2d 1050 (1993), the six-month time limit for appeals to the district court is a mandatory precondition to the court's exercise of jurisdiction. *Id.* at 588, 855 P.2d at 1052. Defendant is correct in stating that in situations involving a mandatory precondition that has not been met, a district court may still invoke its discretion to hear the case. When unusual circumstances exist, such as error on the part of the court or circumstances beyond the control of the parties, the district court may exercise its discretion to hear an appeal despite the fact that a mandatory precondition was not met. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). No such unusual circumstances existed in this case. The appeal in this case was not disposed of within the time limits of Rule 6-703 because Defendant asked for a "recess" to secure an expert witness, but did not seek an extension of time to continue his appeal. In addition, although Defendant was charged with the responsibility of complying with Rule 6-703, he waited several months after the time limits under the rule had expired before asking for recommencement of the proceedings. *Cf. Garcia*, 118 N.M.

16

at 613, 884 P.2d at 504. Defendant has not demonstrated that unusual circumstances existed in this case that would have warranted overlooking the failure to meet the mandatory precondition under Rule 6-703. We hold that the district court did not abuse its discretion in that regard.

**CONCLUSION**

As discussed in this Opinion, the language of the 2004 version of Rule 6-703 imposes a mandatory precondition to the district court's exercise of jurisdiction by requiring disposition of any pending de novo appeal prior to the expiration of the time limits under the rule. In this case, Defendant's appeal was pending without disposition beyond the time limits of the rule. When unusual circumstances exist, a district court is allowed to exercise its discretion to hear an appeal where a mandatory precondition has not been satisfied. However, no such unusual circumstances exist in this case. Based on the application of the 2004 version of Rule 6-703 and the circumstances in this case, we affirm the district court's decision to dismiss Defendant's appeal and to remand the case to the magistrate court for enforcement of its judgment.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

17

WE CONCUR:

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**