1998-NMCA-084

962 P.2d 636

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**John N. WILSON, Defendant–Appellee.**

**No. 18508.**

Court of Appeals of New Mexico.

May 27, 1998.

Tom Udall, Attorney General, William McEuen, Assistant Attorney General, Santa Fe, for Appellant.

J. Scott Hall, Miller, Stratvert & Torgerson, P.A., Santa Fe, for Appellee.

*OPINION*

APODACA, Judge.

{1} The State appeals the district court's order dismissing certain misdemeanor charges against Defendant for prejudice due to delay. The State argues that the district court erred in applying Rule 5–604 NMRA 1997, which governs proceedings initiated in district court, to Defendant's case. Defen-

dant's case originated in the magistrate court, which he appealed to district court. The State contends the case is governed by Rule 6–703 NMRA 1997. We agree and therefore reverse the district court's order of dismissal. On remand, Defendant may reargue his constitutionally-based speedy trial claim as a basis for dismissal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} A magistrate court convicted Defendant of two counts of water pollution and two counts of public nuisance. Defendant appealed the magistrate court's judgment and sentence to the district court in October 1994. In June 1995, the district court held a trial on the de novo appeal and granted Defendant's motion to dismiss. The State appealed the dismissal to our Court, which upheld dismissal of the nuisance counts but reversed dismissal of the pollution counts. In that first appeal, this Court remanded the case to the district court for further proceedings. We issued a mandate directing this case to the district court on June 28, 1996.

{3} On December 13, 1996, Defendant filed a petition for writ of superintending control, request for stay, and an alternative petition for extension of time in our Supreme Court. The Supreme Court granted Defendant's request for stay on December 24, 1996. On January 22, 1997, the Supreme Court entered an order granting Defendant's request for extension of time to commence trial within 90 days following appointment or designation of a new district court judge to hear the case. A Supreme Court order filed January 31, 1997, designated a district court judge.

{4} On March 25, 1997, a trial on the merits occurred at which time the district court heard arguments on Defendant's motion to dismiss for prejudice due to delay. The district court considered this issue in light of Rules 5–604 and 6–703.[1] Both rules require the commencement of criminal trials within six months, and this time period ex-

---

1. Although Defendant argues the applicability of the SCRA 1986 rules, we cite to the 1997 NMRA rules because Defendant filed his motion in

March 1997. The 1997 rules were effective on the date of Defendant's filing of his motion. *See* Rules 5–604, 6–703 NMRA 1997.

pired under each rule. The effects of non-compliance with the time requirement, however, differ under these two rules. This difference is at the heart of the district court's dismissal and the arguments of the parties on appeal.

{5} Rule 5–604(B)(4) is a criminal procedure rule for the district courts. It provides time limits for the commencement of a criminal trial in the event of an appeal from the district court to an appellate court. *Id.* The trial must begin six months following the filing of the mandate or order in the district court disposing of the appeal. *Id.* Noncompliance with these time limits results in dismissal of the *criminal charges*. Rule 5–604(D).

{6} The State, however, argues that Rule 6–703, not Rule 5–604, governs the time limits for Defendant's de novo appeal from the magistrate court. This rule is a criminal procedure rule for the magistrate courts. Section (L) of the rule provides that the "district court shall try a trial de novo appeal within six (6) months after the filing of the notice of appeal." Failure to dispose of the appeal within this time period results in dismissal *of the appeal* (not the criminal charges, as under Rule 5–604) and remand to the magistrate court for enforcement of the judgment. Rule 6–703(L). Rule 6–702(B) NMRA 1997 requires a defendant to obtain a district court trial within six months of the filing date of the notice of appeal from magistrate court to the district court.

{7} The district court aptly recognized that the two rules did not precisely address time limits for the circumstances presented in this case. Here, there was an appeal from the magistrate court to the district court and then to this Court. As we already noted, in the first appeal to this Court, we remanded the case to the district court. In the interest of fairness, the district court applied Rule 5–604 and dismissed the charges against Defendant.

## II. DISCUSSION

### A. Standard of Review

■ {8} We review the district court's application of Rule 5–604 de novo. *See State*

*v. Bolton,* 1997–NMCA–007, ¶ 13, 122 N.M. 831, 932 P.2d 1075.

### B. Application of Rule 5–604

■ {9} The State argues that the district court erroneously found an ambiguity in the rules, resulting in the misapplication of Rule 5–604 to this case. A court should resolve doubts concerning the construction of criminal rules in favor of lenity. *See State v. Ogden,* 118 N.M. 234, 242, 880 P.2d 845, 853 (1994). Ambiguity does not exist merely because there is a narrower construction of a rule than the State's interpretation. *See id.* The rule of lenity provides for the resolution of an insurmountable ambiguity concerning the intended scope of a rule in favor of the defendant. *See id.* Considering the language, case law interpretation, and purpose of Rule 5–604, we hold that the trial court misapplied the rule.

{10} Section (E) of Rule 5–604 states: "This rule shall not apply to children's court proceedings or to cases appealed from the magistrate or municipal court." Our court has upheld the inapplicability of this rule to magistrate court appeals. *See State v. De-Baca,* 90 N.M. 806, 811–12, 568 P.2d 1252, 1257–58 (Ct.App.1977). This interpretation is consistent with the purpose of Rule 5–604. Where a defendant has not yet been tried, Rule 5–604 promotes the prompt adjudication and resolution of criminal cases. *See State v. Portillo,* 110 N.M. 135, 137, 793 P.2d 265, 267 (1990).

{11} We believe the trial court erred in finding ambiguity in the court rules and in applying the rule of lenity. *See Ogden,* 118 N.M. at 242, 880 P.2d at 853 (holding that court should apply rule of lenity where statute's ambiguity persists after resort to its language, structure, legislative history, and policies). The plain language of Rule 5–604(E) indicates the rule does not apply here. *See Ogden,* 118 N.M. at 242, 880 P.2d at 853 (stating that the court should use the statute's plain language as the primary indicator of legislative intent). Defendant initiated judicial review in this case by appealing his magistrate court convictions to the district court. Rule 5–604(E) expressly excludes its application from magistrate court appeals. Additionally, application of Rule 5–604 here

will not serve its purpose because Defendant has already been tried.

■ {12} Instead, the district court should have applied Rule 6–703, which expressly governs appeals from magistrate courts. Under Rule 6–703, Defendant would be responsible for bringing the case to trial within the six-month period. *See Town of Bernalillo v. Garcia,* 118 N.M. 610, 613, 884 P.2d 501, 504 (Ct.App.1994). This rule also imposes the consequences of noncompliance with the time limitation on Defendant unless the prosecution or the State caused the delay. *See id.* We need not remand this case to the district court on the issue of which party was responsible for the delay because of our alternative basis of reversal. As we note below, we also reverse the district court's order of dismissal based on our Supreme Court's order extending the time period within which to commence trial.

{13} Defendant relies on *People v. NL Industries, Inc.,* 284 Ill.App.3d 1025, 220 Ill. Dec. 573, 673 N.E.2d 717, 719 (1996) and *Lewelling v. Bosworth,* 840 S.W.2d 640, 643 (Tex.Ct.App.1992), to support his argument that it is the State's duty to bring the case to trial following mandate. *NL Industries, Inc.,* 220 Ill.Dec. 573, 673 N.E.2d at 719, held that a prevailing party on appeal has an affirmative duty to pursue his or her rights following the issuance of the reviewing court's mandate. Similarly, *Lewelling* held that the prevailing party in the reviewing court has the duty to see that the case proceeds after appeal. 840 S.W.2d at 643.

{14} We distinguish these cases for two reasons. First, they do not involve court rules similar to those at issue in this appeal. Second, *NL Industries, Inc.,* 284 Ill.App.3d 1025, 220 Ill.Dec. 573, 673 N.E.2d 717, and *Lewelling,* 840 S.W.2d 640, are not criminal cases. Consequently, we believe these cases do not invoke the same policy considerations implicated here.

## C. The Supreme Court's Extension of Time

{15} Rule 6–702(C) provides that a Supreme Court justice may extend the time for trial beyond six months following the filing of the notice of appeal to the district court. As we already noted, Defendant petitioned our Supreme Court for an extension of time under this rule. That Court granted this extension request for ninety days following the designation of a district court judge. On January 31, 1997, the Supreme Court designated a district court judge to hear this case. The trial held by the district court on March 25, 1997, therefore occurred well within the time period of the extension. For this alternative reason, we reverse the district court's order dismissing the charges against Defendant for prejudice due to delay. *See State v. Hrabak,* 100 N.M. 303, 304, 669 P.2d 1098, 1099 (Ct.App.1983) (recognizing that our Supreme Court can grant an extension of time beyond the six-month limitation).

## D. Speedy Trial

■ {16} Defendant also urges us to affirm the district court's order of dismissal because he allegedly did not receive a speedy trial. *See* U.S. Const. amend. VI; *id.* at amend. XIV, § 1; *County of Los Alamos v. Beckman,* 120 N.M. 596, 600–01, 904 P.2d 45, 49–50 (Ct.App.1995). The district court did not rely on speedy trial grounds in granting Defendant's motion to dismiss because of prejudice due to delay. Neither did our Supreme Court conduct a speedy trial analysis in granting Defendant's motion for an extension of time.

■ {17} Defendant correctly notes that an appellate court can uphold a trial court's decision if it is right for any reason. *See State v. Beachum,* 83 N.M. 526, 527, 494 P.2d 188, 189 (Ct.App.1972). We believe fairness, however, tempers this precept. *See State v. Franks,* 119 N.M. 174, 177, 889 P.2d 209, 212 (Ct.App.1994) (holding that unfairness precludes appellate court from affirming on a fact-dependent ground not determined below). Appellate courts usually apply the right for any reason basis of affirmance to strictly legal questions. *See State v. Sansom,* 112 N.M. 679, 685, 818 P.2d 880, 886 (Ct.App.1991).

■ {18} An asserted constitutional violation of the right to a speedy trial is an issue of law, *State v. Grissom,* 106 N.M. 555, 561, 746 P.2d 661, 667 (Ct.App.1987), that is highly fact-sensitive. *See State v. Gallegos,* 109 N.M. 55, 62, 781 P.2d 783, 790 (Ct.App. 1989). Fact-finding is a function of the dis-

**394**

trict court. *See Franks*, 119 N.M. at 177, 889 P.2d at 212. Consequently, we remand this case to the district court for consideration of Defendant's speedy trial claim. *See State v. Quiroz*, 94 N.M. 517, 520, 612 P.2d 1328, 1331 (Ct.App.1980) (where record suggested that district court did not pass on defendant's speedy trial claim, appellate court remanded the case to the district court).

{19} Additionally, remand of the speedy trial claim is appropriate notwithstanding our Supreme Court's order extending the time within which to commence trial. This order does not reflect a speedy trial analysis. *See State v. Manzanares*, 1996–NMSC–028, ¶ 7, 121 N.M. 798, 918 P.2d 714 (holding that order extending time under Rule 5–604 is not determinative of a speedy-trial motion unless the record specifically reflects the Supreme Court's speedy-trial analysis). Our Supreme Court in *Manzanares*, 1996–NMSC–028, ¶ 7, 121 N.M. 798, 918 P.2d 714, stated that initial presentation of a speedy trial claim under Rule 5–604 to the district court is appropriate. *Manzanares* noted that a motion seeking protection of constitutional speedy-trial rights requires the weighing of factors that are factually based. *See id.* In sum, pronouncements from this Court, as well as from the Supreme Court, support remand of the case for consideration of Defendant's speedy trial issue.

## III. CONCLUSION

{20} We reverse the district court's order dismissing the charges against Defendant because: (1) the district court erred in applying Rule 5–604 where Defendant initiated judicial review of his magistrate court convictions, and (2) Defendant's trial following our Court's mandate in the first appeal was timely under our Supreme Court's extension order. We remand for proceedings consistent with this opinion. On remand, Defendant may reargue his speedy trial claim to the district court.

{21} **IT IS SO ORDERED.**

BOSSON and ARMIJO, JJ., concur.

