This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. 32,890**

**FRANK COSTELON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Yvonne M. Chicoine, Assistant Attorney General
Santa Fe, NM

for Appellee

Frank Costelon
U.S. Penitentiary
Leavenworth, KS

Pro Se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appeals the district court's summary dismissal of his Rule 1-060(B) NMRA motion to set aside his 2003 judgment and conviction for distributing marijuana. The Supreme Court transferred Defendant's case to this Court after determining that it did not fall within the purview of its jurisdiction over habeas corpus proceedings, given that Defendant was no longer being held on those charges. This Court issued a calendar notice proposing to reverse on two grounds. First, we proposed to hold that to the extent the district court concluded that Defendant had waived his right to challenge whether his guilty plea was knowing and voluntary by entering a guilty plea in the underlying proceedings, this was an improper basis for the district court to summarily dismiss Defendant's motion. Second, we proposed to conclude that to the extent the district court's motion could be construed as a decision on the merits of Defendant's Rule 1-060(B) motion, that Defendant had made a prima facie showing of ineffective assistance of counsel sufficient to trigger an evidentiary hearing.[CN 3]

{2}     The State has responded by asserting that Defendant has not made a prima facie showing of ineffective assistance of counsel. The State did not respond to this Court's proposal that the district court's reliance on waiver in summarily dismissing Defendant's motion was improper. Instead, the State asserts that where the allegations

2

in the motion are contradicted by the record or information within the judge's personal knowledge, a judge may exercise his or her discretion and refuse to hold an evidentiary hearing. [MIO 4 (citing *State v. Guerro*, 1999-NMCA-026, ¶ 26, 126 N.M. 699, 974 P.2d 669)] However, based on the order entered by the district court in the present case, the district court does not appear to have exercised its discretion in this manner. [RP 109-10] We therefore conclude that it is not proper for this Court to affirm on the basis advocated by the State. *See State v. Wilson*, 1998-NMCA-084, ¶ 17, 125 N.M. 390, 962 P.2d 636 ("Defendant correctly notes that an appellate court can uphold the trial court's decision if it is right for any reason. We believe fairness, however, tempers this precept. Appellate courts usually apply the right for any reason basis for affirmance to strictly legal questions."(citations omitted)).

{3}     This Court proposed to conclude that the district court improperly relied on waiver as a basis for summarily dismissing Defendant's motion. The State has not challenged that proposition. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law."). Accordingly, we reverse and remand to the district court for further proceedings on Defendant's Rule 1-060(B) motion.

{4}     **IT IS SO ORDERED.**

 

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**M. MONICA ZAMORA, Judge**