This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39733**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RUBEN RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant appeals from his judgment and sentence, following a jury trial, for trafficking (by possession with intent to distribute) controlled substances, and use or possession of drug paraphernalia. We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** As to Issue (1), we proposed to affirm based on our suggestion that sufficient evidence supported Defendant's conviction. [CN 1-4] In his memorandum in opposition, Defendant continues to maintain that insufficient evidence supported his conviction.

[MIO 3-7] Defendant argues that testimony was provided that while the amount of methamphetamine possessed by Defendant could be consistent with trafficking, it could also "be consumed in four days." [MIO 4] Defendant argues that the presence of a broken scale and a glass pipe—items, he argues on appeal, which are more consistent with personal use than trafficking—as well as the officer's testimony that the amount of drugs was possibly consistent with four days of personal use as well as trafficking, render the evidence insufficient. [MIO 5]

**{3}** The question for us on appeal is whether the trial court's "decision is supported by substantial evidence, not whether the [trial] court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "Fact-finding is a function of the district court." *State v. Wilson*, 1998-NMCA-084, ¶ 18, 125 N.M. 390, 962 P.2d 636.

**{4}** "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393.

**{5}** Defendant's argument that the evidence in this case is more consistent with innocence than guilt as to his trafficking conviction invites us to reweigh the evidence and substitute our own fact-finding for that of the jury. We decline to do so. *See Montoya*, 2005-NMCA-078, ¶ 3; *see also Sutphin*, 1988-NMSC-031, ¶ 21. Therefore, Defendant has not persuaded us that the evidence was insufficient to support the conviction.

**{6}** Defendant also continues to contend, in Issues (2) and (3), that the district court erred in not granting Defendant's request for a continuance or to exclude the analyst's testimony based on its late disclosure. [MIO 8-9] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent Defendant contends that he was entitled to sanctions for the State's alleged discovery violation, we note that district courts have broad discretion to manage their dockets and impose sanctions for violations of discovery orders. *State v. Le Mier*, 2017-NMSC-017, ¶¶ 19, 22, 394 P.3d 959. Defendant has not demonstrated that the district court abused that discretion in not excluding evidence. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume

correctness in the district court's rulings and the burden is on the appellant to demonstrate error).

**{7}** We remain unpersuaded that Defendant has demonstrated that the calendar notice was in error. Accordingly, for the reasons stated above and for the reasons stated in our notice of proposed disposition, we affirm.

**{8}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**