This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1 -CA-39318**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUAN MAESTAS,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Yvette K. Gonzales, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals his metropolitan court conviction for driving while under the influence of intoxicating liquor or drugs (first offense) (slightest degree) (DWI). We issued a calendar notice proposing to affirm. Defendant responded with a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant continues to assert that the district court erred in denying his motion to suppress because his arrest was not supported by probable cause. To the extent Defendant contends that that there was no evidence the crash occurred as a result of impairment, we note that the facts merely needed to show that the officer had probable

cause that Defendant was driving under the influence of alcohol. *See State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (considering the fact that the defendant hit another car from behind when determining that there was probable cause to arrest for DWI); *see also State v. Sanchez*, 2001-NMCA-109, ¶ 12, 131 N.M. 355, 36 P.3d 446 (stating "there is no one set of circumstances required for probable cause"). To the extent Defendant is contending that the crash was not caused by Defendant's intoxication, and instead was caused by a tire issue, the court is free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{3}     As to Defendant's argument that his beer consumption occurred at least three hours prior to the crash, we do not reweigh the evidence on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also State v. Wilson*, 1998-NMCA-084, ¶ 18, 125 N.M. 390, 962 P.2d 636 ("Fact-finding is a function of the district court."). Defendant's argument that he should have been given alternative field sobriety tests is also unpersuasive because "we view the evidence in the light most favorable to the guilty verdict," *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, thereby accepting the testimony and evidence that supports the decision and disregarding evidence to the contrary. *See State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532, (stating that appellate review for sufficient evidence includes indulging all reasonable inferences in support of the verdict and disregarding all evidence to the contrary); *see also State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183 (stating that in reviewing suppression motions we view "factual matters with deference to the district court's findings if substantial evidence exists to support them").

{4}     Defendant also continues to assert that there was insufficient evidence to convict Defendant. [MIO 10] Defendant has not presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{5}     Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm Defendant's conviction.

{6}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**