This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39974**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JOSE GURROLA and JENNIFER MORGAN,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** The State appeals from the district court's order granting a motion to suppress brought by James Morgan, who is not a party to this appeal, for evidence obtained through his unlawful seizure, which Jennifer Morgan and Jose Gurrola (collectively, Defendants) joined. On appeal, the State contends that Defendants did not assert a violation of their own constitutional rights in joining the motion to suppress, and

therefore the district court erred in granting suppression. We agree and therefore reverse and remand.

**DISCUSSION**

**{2}** "Appellate review of a motion to suppress presents a mixed question of law and fact. We review factual determinations for substantial evidence and legal determinations de novo." *State v. Ketelson*, 2011-NMSC-023, ¶ 9, 150 N.M. 137, 257 P.3d 957.

**{3}** "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *State v. Crocco*, 2014-NMSC-016, ¶ 16, 327 P.3d 1068 (internal quotation marks and citation omitted). "[S]ince the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections." *Id.* (internal quotation marks and citation omitted). In this case, the district court did not conclude that Defendants were seized. Additionally, Defendants did not assert below that their own constitutional rights were implicated. Instead, Defendants merely joined James Morgan's motion to suppress, which was solely premised on an allegation that he was unlawfully seized. Failing to establish that they personally were seized, Defendants cannot now seek to ratify the suppression of evidence obtained from the alleged illegal seizure of another. *See Alderman v. United States*, 394 U.S. 165, 174-75 (1969) ("There is no necessity to exclude evidence against one defendant in order to protect the rights of another. No rights of the victim of an illegal search are at stake when the evidence is offered against some other party."). Therefore, the district court erred in suppressing the evidence, obtained through the seizure of James Morgan, as being used against Defendants when Defendants did not argue, and the court did not find, that their Fourth Amendment or Article II, Section 10 rights were violated.1

**{4}** On appeal, Defendants argue that this Court should affirm the district court's order of suppression because they were seized in violation of their Article II, Section 10 rights under the New Mexico Constitution. "[A]n appellate court can uphold the [district] court's decision if it is right for any reason." *State v. Wilson*, 1998-NMCA-084, ¶ 17, 125 N.M. 390, 962 P.2d 636. However, we will affirm the district court as right for any reason only "so long as the circumstances do not make it unfair to the appellant to affirm." *State v. Serna*, 2018-NMCA-074, ¶ 29, 429 P.3d 1283 (internal quotation marks and citation omitted). "It would be unfair to an appellant to affirm on a fact-dependent ground not raised below because it is improper for an appellate court to engage in fact-finding and because the appellant would have lacked an opportunity to present admissible evidence relating to the fact." *State v. Marquez*, 2023-NMSC-029, ¶ 32, 539 P.3d 303 (alterations, internal quotation marks, and citation omitted). Accordingly, "[a]ppellate courts usually apply the right for any reason basis of affirmance to strictly legal questions." *Wilson*, 1998-NMCA-084, ¶ 17*.*

---

1Nothing in this opinion precludes Defendants from bringing a motion to suppress on remand.

**{5}** Defendants' argument in support of affirmance challenging the district court's determination that they were not seized would have this Court uphold the district court's suppression order while reversing its conclusion that there was no seizure. "[W]hether a person has been seized in violation of the Fourth Amendment is a mixed question of law and fact." *State v. Jason L.*, 2000-NMSC-018, ¶ 19, 129 N.M. 119, 2 P.3d 856. In this case, Defendants joined the motion of another defendant, who is not a party to this case, but did not file separate motions alleging that their constitutional rights were violated due to an unlawful seizure. Defendants did not argue at the hearing on the motion to suppress that they were seized. Consequently, the district court was not tasked with adjudicating the facts bearing on this issue. Where, as here, critical facts that bear on whether Defendants were seized were not developed below, it is improper for an appellate court to affirm the district court on unpreserved grounds. *See State v. Sanchez*, 2001-NMCA-060, ¶ 12, 130 N.M. 602, 28 P.3d 1143 (declining to apply the right for any reason doctrine where the trial court's ruling required a determination on a disputed factual issue). Therefore, we conclude that it would be unfair to apply the right for any reason doctrine in this case.

**CONCLUSION**

**{6}** We reverse and remand to the district court for further proceedings consistent with this opinion.

**{7} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**