This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42586

**LISA HERZOG,**

Plaintiff/Counterdefendant-Appellee,

v.

**DEIDRE KELSEY,**

Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Court Judge**

Philip J. Dabney, P.C.
Philip J. Dabney
Los Alamos, NM

for Appellee

The Ward Law Firm
Vincent J. Ward
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from two of the district court's orders granting injunctive relief. [3 RP 578-83] We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant continues to maintain in her memorandum that the district court erred by adding a new material term to the parties' settlement agreement (Agreement)

because it found that the height of Defendant's six-foot fence should be measured "from the undisturbed, natural grade closest to the fence," which was "a previously existing grass area." [MIO 9; 3 RP 579] The Agreement did not contain an explicit clause concerning how the six-foot fence would be measured, but it did contain a provision indicating that Defendant would build the fence in compliance with covenants, codes, and the building permit. [2 RP 432] Indeed, the district court found that "[w]ith respect to the fence height issue, it was addressed by the term [of the Agreement] requiring compliance with covenants, codes and the building permit and construction in the 'Santa Fe-style.'" [3 RP 579] In our proposed disposition, we noted that Defendant did not address this finding in her docketing statement and did not direct us to the covenants, codes, and building permit that the district court relied on to make its finding. [CN 2] We suggested that this alone was sufficient to affirm the district court. [Id.] We also noted that the docketing statement referred us to only one covenant in the context of authority relied on by Plaintiff in her briefing below. [CN 3] That covenant stated that "all improvements in the subdivision should be made to 'conform and harmonize with their natural surroundings and existing structures as to external design, materials, color, setting, *height, topography, grade and finish ground elevation.*" [DS 8-9] We suggested that, because the covenants required that the six-foot wall conform to the natural surroundings as to "height, topography, grade and finish ground elevation[,]" that this established that measuring from the undisturbed grassy area was the enforcement of a term Defendant agreed to in the Agreement. [CN 3-4]

{3}     Defendant's memorandum has provided us no basis to reevaluate our proposed conclusion. Other than repeating prior arguments and citing black letter law related to contracts, Defendant asserts only that the "covenant is vague and does not support rewriting the agreement with a specific measurement method." [MIO 12] We disagree that the covenant is vague and conclude it supports a finding that the measure of the six-foot fence should occur in the area identified by the district court. Additionally, we conclude that Defendant has not met her burden of establishing reversible error by failing to provide any factual detail, argument, or legal authority concerning the district court's finding that it also relied on the code and the building permit. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and . . . the appellant remains bound if [they] fail[] to properly set forth all the evidence bearing upon the findings."); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

{4}     Defendant next contends that the district court improperly relied on a report created by the mediator following a visit to the parties' properties, but we again note that Defendant has not provided any authority indicating that this would constitute reversible error. [CN 4] *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M.

764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority). Defendant's memorandum states that the Agreement limited the mediator's authority only to "drafting disputes" and that because "[t]he mediator's report contained findings regarding soil disturbance and elevation changes between the parties' properties[,]" such findings fell outside what should be considered a drafting dispute. [MIO 13] We note the record reflects that "[t]he attorneys for the parties requested that [the mediator] visit the site of the two properties and make recommendations regarding the execution of the settlement agreement." [2 RP 437]

{5}    We conclude that the district court did not err in this regard. Even if this Court were to conclude that the mediator made findings outside the authority delegated to him through the Agreement, this would not prevent the district court from making its own independent findings as the fact-finder based on what was before it. *See State v. Wilson*, 1998-NMCA-084, ¶ 18, 125 N.M. 390, 962 P.2d 636 ("Fact-finding is a function of the district court."). We note that Plaintiff's enforcement motion requested an evidentiary hearing and attached, among other documents, the mediator's report indicating that the ground where the fence was located had been disturbed by the prior activity of the parties. [2 RP 425-31, 437-48, 3 RP 580] In her response, Defendant appeared to acknowledge the request for an evidentiary hearing and attached an affidavit from Defendant stating that "[t]he ground the fence is located on is in its original form and has been that way for years." [2 RP 475-81, 484] Although Defendant provides us with no factual background on what occurred at the hearing, we presume from the district court's order that it weighed the evidence and made its determination that the measurement of the six-foot fence should occur from the undisturbed portion of the property identified above instead of the disturbed area where the fence was located. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder"); *Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 31, 132 N.M. 459, 50 P.3d 554 ("We construe findings to uphold, rather than defeat, a judgment.").

{6}    Lastly, we understand Defendant's memorandum to be contending that, because the Agreement contained a requirement that both parties cease litigation, Plaintiff waived the right to litigate the fence height issue "[b]y attempting to impose a new measurement methodology after execution [of the Agreement.]" [MIO 13] As we concluded above, this was not the case. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}    IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**ZACHARY A. IVES, Judge**